IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD JAY MILLER,<br><br>Defendant. | CR 13–02–H–DLC<br><br>ORDER |

Defendant Ronald Miller has filed a motion to sever Counts I and II of his indictment (child pornography charges) from Count III (felon in possession charge). The motion will be denied because joinder is appropriate under Rule 8 in this case.

"[J]oinder is the rule rather than the exception" and the burden is on the defendant to show that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). "Two offenses may be joined in the indictment under Rule 8(a) 'only if the

-1-

offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.' " *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) citing *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). A transaction may include a series of related events and is interpreted flexibly. *Id.* Courts consider "factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)." *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *Terry*, 911 F.2d at 276.

Joinder is proper under Rule 8 because there is sufficient commonality between Counts I & II and Count III of the indictment. The evidence supporting all of the counts was discovered during the same probation search of Defendant's residence, suggesting the likelihood of evidentiary overlap and witness testimony. Although the government argues joint proof is needed regarding Defendant's prior conviction, issues relating to enhanced punishment for Counts I and II are subject

matter for sentencing, should Defendant be found guilty of those charges. It is for the Court, not the jury, to decide whether a prior offense fits the definition of a predicate crime. Similarly, the admissibility of Defendant's state conviction under Rules 413 or 414 is properly determined via a motion in limine prior to trial–not in a motion to sever. The evidence of all the charged offenses that will be presented at trial was seized on the same day at the same location. Thus, although the nature of the crimes charged are not similar or directly connected, the evidentiary overlap due to the commonality of the seized evidence warrant joinder of Counts I and II with Count III.

Moreover, Defendant has not shown that joinder would be manifestly prejudicial in this case. While Defendant is correct that *Old Chief v. United States* grants him the right to stipulate to his prior conviction when appropriate, he has not demonstrated why joinder necessitates exposing the nature of the conviction. Defendant's motion to sever will therefore be denied.

IT IS ORDERED that Defendant's motion to sever (doc. 23) is DENIED.

Dated this 17th day of April, 2013.

Dana L. Christensen, Chief District Judge
United States District Court