IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–02–H–DLC |
| Plaintiff, | |
| | ORDER |
| vs. | |
| | |
| RONALD JAY MILLER, | |
| | |
| Defendant. | |

Defendant Ronald Miller has filed a motion to suppress the evidence taken from his computer that was seized during a search by Montana Probation and Parole ("Probation"). (Doc. 25.) The motion will be denied because Probation had reasonable suspicion to seize and search Defendant's computer.

## I. Background

Defendant was convicted of two counts of felony sexual assault in 1993 following a jury trial in Montana First Judicial District Court, Lewis and Clark County, Montana, No. CDC 93-123. Defendant was sentenced to 20 years probation. One of the conditions of his probation permitted a search of his person,

-1-

property, residence, vehicle, and personal effects upon reasonable suspicion of a probation violation.

In 2012, while Defendant was still on state probation, a concerned citizen reported that Defendant had inappropriate contact with his son and was in possession of firearms. Montana Probation and Parole conducted a probation search of Defendant's residence on October 18, 2012. Probation found and seized over 40 firearms and ammunition during the search, along with Defendant's computer. On October 26, Probation requested MDCI Agent Jimmy Weg to conduct a forensic analysis of Defendant's computer to search for evidence that Defendant was converting or attempting to convert semi-automatic rifles to automatic rifles and evidence that Defendant purchased weapons while on supervision.

Weg began his examination of the computer on November 2, 2012, found an image he believed to be child pornography, and discontinued his examination. Weg's suspicion was confirmed by a Helena Police Department Detective on November 6, and the Detective obtained a search warrant authorizing a search of Defendant's computer for child pornography. Additional child pornography was found on the computer, and Defendant was indicted in federal court on January 17, 2013, on two child pornography offenses. A superseding indictment added a felon

in possession of firearms charge. Defendant filed a motion to suppress on March 1, 2013, alleging his computer was wrongfully seized and searched requiring suppression of the child pornography evidence.

## II. Analysis

A probationer who agrees as a condition of his probation to a search of his residence has a diminished expectation of privacy. *United States v. Knights*, 534 U.S. 112, 119-20 (2001). Consequently, "when an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity" the officer may effect a warrantless search of the probationer's residence. *Id.* at 120. "Reasonable suspicion exists when, considering the totality of the circumstances known to the officer at the time, the officer has a particularized and objective basis for suspecting wrongdoing." *United States v. Hamilton*, 591 F.3d 1017, 1022 (8th Cir. 2010).

A probation search also complies with the Fourth Amendment if it is conducted pursuant to a state law that itself satisfies the reasonableness standard of the Fourth Amendment. *United States v. Conway*, 122 F.3d 841, 842 (9th Cir. 1997) (citing *Griffin v. Wisconsin*, 483 U.S. 868 (1987)). Thus, if state law permits a search of a probationer's residence upon reasonable suspicion that the probationer has violated a condition of his probation, a warrantless search of his

residence based upon reasonable suspicion is allowed. *Conway*, 122 F.3d at 842. Montana law allows a probation officer to search a probationer's vehicle, person, and residence upon reasonable suspicion that he has violated the conditions of supervision. Mont. Admin. Rule 20.7.1101; *State v. Charlie*, 239 P.3d 934, 941 (Mont. 2010) (citations omitted).

Warrantless seizures are per se unreasonable under the Fourth Amendment. *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993) (citations omitted). However, an officer may seize evidence found while conducting a lawful search, *id.* at 374, if the facts available to him "warrant a man of reasonable caution in the belief . . . that certain items may be contraband or stolen property or useful as evidence of a crime." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (stating the probable cause standard in a case not involving a probationer or parolee) (citation omitted). It is unclear whether the lower reasonable suspicion standard would apply to a seizure of property from a probationer when his probation conditions do not clearly permit a warrantless seizure. See *Knights*, 534 U.S. at 119–20 (concluding that a probationer's status as well as the conditions of his probation together diminish his right to privacy).

"The contours of [the Fourth Amendment's] protections in the context of computer searches pose difficult questions." *United States v. Adjani*, 452 F.3d

1140, 1152 (9th Cir. 2006). Computer searches often need to take place off-site requiring the seizure of the computer or transfer of its contents. Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L. Rev. 531, 534 (2005) ("[C]omputer searches typically occur offsite on a government computer that stores a copy of the suspect's hard drive."). However, the Ninth Circuit has emphasized the need for "specific authorization" for the seizure of intermingled documents such as are found on a computer, and held that such a warrant should only be granted "where on-site sorting is infeasible and no other practical alternative exists." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1169 (9th Cir. 2010) (quoting *United States v. Tamura*, 694 F.2d 591, 596 (9th Cir. 1982)). On the other hand, the warrantless seizure of a computer that a suspect admits contains child pornography is permitted because "the fragile and easily destructible nature of the digital evidence at issue raises undeniable concerns regarding 'loss or possible destruction of contraband by the owner.'" *United States v. Blood*, 429 Fed. Appx. 670, 671 (9th Cir. 2011) (unpublished) (quoting *United States v. Licata*, 761 F.2d 537, 541 (9th Cir. 1985)).

Here, Defendant's probation condition allowed for the search of his property and his personal effects upon reasonable suspicion of a probation violation. Defendant's computer falls within the category of his personal effects,

*Blood*, 429 Fed. Appx. at 671, and thus Probation needed reasonable suspicion to search it. The government's stated intent of the search was to locate evidence proving Defendant purchased weapons while on supervision or sought information regarding conversion of semi-automatic weapons to automatic weapons. Defendant argues this additional evidence was unnecessary because Probation already had evidence of a probation violation in the 46 weapons seized. The conversion of rifles into automatic weapons, however, is evidence of a crime in and of itself and thus goes beyond evidence of a probation violation. See 18 U.S.C. § 922; Mont. Code Ann. §§ 45-8-304, 313. Defendant admits that one of the weapons seized from his home may have been an automatic weapon and ATF Agent John Komora was contacted to investigate it. Further, evidence that Defendant purchased the weapons while on supervision would refute any argument that Defendant did not possess the weapons or was not aware of their presence at his residence. The computer search was limited in scope to evidence of or related to the weapons violations. The totality of the circumstances establish reasonable suspicion for the search of Defendant's computer.

While on-site computer searches are preferred when possible, Defendant does not point to any facts suggesting Probation had the necessary equipment or capability to perform an on-site search of his computer. This lack of equipment

supports the inference that Probation was not intending to search Defendant's residence for child pornography, contrary to Defendant's contention. It was also reasonable for Probation to seize Defendant's computer because "the fragile and easily destructible nature of the digital evidence at issue raises undeniable concerns regarding 'loss or possible destruction of contraband by the owner.'" *Blood*, 429 Fed. Appx. at 671. In sum, Defendant's reduced privacy rights as a probationer, the difficulty of conducting a computer search on-site, and the risk Defendant could tamper with or destroy evidence all support Probation's seizure of Defendant's computer. The Court therefore finds that the seizure of Defendant's computer was reasonable, and, in fact, necessary in order for Agent Weg to perform a forensic examination for the weapons information. Defendant's motion to suppress will be denied on these grounds.

Defendant also challenges the timeliness of the search of his computer under *United States v. Place*, 462 U.S. 696 (1983). Defendant's computer was seized on October 18, Probation requested Agent Weg's assistance on October 26, and the search began on November 2. Agent Weg ended the search and a warrant was requested and issued to search the computer for child pornography. *Place* is largely irrelevant to this case because it involved the seizure and search of a traveler's luggage for narcotics–a far cry from the search of a probationer's

computer following its lawful seizure. There is no evidence of a lack of diligence by law enforcement warned against in *Place*–one of the few issues relevant to the situation at hand. The amount of time it took the government to effect the search in this case is not per se unreasonable under the Fourth Amendment. Defendant's timeliness argument also lacks merit and his motion must therefore be denied.

Accordingly, IT IS ORDERED that Defendant's motion to suppress (doc. 25) is DENIED.

Dated this 17th day of April, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court